**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re *Ex Parte* Application of MATHEW CONNER CLINGERMAN, as Receiver for Silk Road M3 Fund, a Segregated Account of Silk Road Funds Limited, pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings, | Misc. Case No. M-18-0573 (LGS) |

## EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

Petitioner, Mathew Conner Clingerman, as receiver for Silk Road M3 Fund ("M3 Fund"), a segregated account of Silk Road Funds Limited ("Silk Road"), respectfully asks this Court to grant the Order Attached as **"Exhibit A"** to this Application, which gives Petitioner leave, pursuant to 28 U.S.C. § 1782 and Rules 26 and 45 of the Federal Rules of Civil Procedure, to serve Citibank, Bank of America, UBS AG, J.P. Morgan Chase Bank, Bank of New York Mellon, Wells Fargo, HSBC USA, Deutsche Bank Trust Company of Americas, Standard Chartered US, The Northern Trust International Banking Corporation, M&T Bank Corporation, and Waterside Plaza Ground Lessee, LLC (the "Subpoenaed Entities") the subpoenas attached as **"Exhibit B"** to this Application, and in support thereof states as follows.

The requested relief is for the purposes of obtaining necessary discovery in aid of a proceeding currently pending in the Supreme Court of Bermuda (the "Bermuda Proceeding"). That proceeding involves, in relevant part, Petitioner's court-ordered duty, as receiver of the M3 Fund, to trace and recover assets of the M3 Fund, which were stolen or misappropriated by the Fund's investment advisor, Silk Road Management Limited ("SRML"), and SRML's sole director and shareholder, Mr. Alisher Ali. The Subpoenaed Entities are the entities to be subpoenaed for bank records and other documents, which, as set forth in more detail below and in the

accompanying Declaration of Mathew Conner Clingerman and Memorandum of Law, Petitioner seeks for use in the Bermuda Proceeding. Specifically, Petitioner believes the documents sought will help him trace and recover misappropriated M3 Funds in furtherance of his court-ordered duties in the Bermuda Proceeding. Petitioner also brings this application in aid of his impending criminal complaint against ▆▆▆ in Switzerland for ▆▆▆ involvement in stealing or otherwise misappropriating M3 Fund's assets (the "Swiss Proceeding"). Based upon the Declaration of Mathew Conner Clingerman and the accompanying Memorandum of Law to this Application, the Court should grant this Application *ex parte*.

A. **The Bermuda Proceeding**

The Bermuda Proceeding commenced on April 10, 2017, upon application by Goodwill PTC Limited ("Goodwill"). On January 20, 2013, Goodwill obtained M3 Fund shares in consideration of $10 million. Two years later, on January 19, 2015, Goodwill attempted to redeem its M3 Fund shares but was unsuccessful. On September 7, 2015, Goodwill entered into a share purchase agreement with SRML, for the purchase of Goodwill's M3 Fund shares in consideration of $10 million. None of the steps envisaged by the share purchase agreement were ever taken and Goodwill remained owner of the M3 Fund shares. On April 10, 2017, Goodwill filed an application with the Supreme Court of Bermuda seeking appointment of joint receivers to oversee the business of M3 Fund, which the Supreme Court of Bermuda approved that day.

Petitioner is one of the receivers the Supreme Court of Bermuda originally appointed to oversee the business of M3 Fund and is currently the only remaining court-appointed receiver for M3 Fund. The M3 Fund is a segregated account of Silk Road, a segregated accounts company incorporated in Bermuda. The Bermuda Proceeding authorizes Petitioner, *inter alia*, "to ascertain the assets of the M3 Fund and their situs and take all steps necessary including Court actions where

appropriate to obtain possession of such assets and to bring the same under their control . . . ," "to conduct such investigations and obtain such information as is necessary to locate, protect, secure, take possession of, collect and get the assets and determine the liabilities of the M3 Fund," and "to do all such things as may be necessary or expedient for the protection of the M3 Fund's property or assets." In accordance with his court-ordered duties, Petitioner has conducted an ongoing investigation into the whereabouts of M3 Fund's assets. Petitioner's investigation has uncovered that Goodwill is the victim of a fraud and its monies have been stolen or otherwise misappropriated by those individuals and entities who operated M3 Fund in the years prior to his appointment as M3 Fund's receiver.

### B. The Swiss Proceeding

Petitioner, in his capacity as the M3 Fund's court-appointed Receiver, intends to use the documents he seeks from the Subpoenaed Entities to file a criminal complaint in Switzerland against ▇▇▇ based on ▇▇▇ involvement in stealing or otherwise misappropriating M3 Fund's assets, in which Petitioner shall participate, in his capacity as the M3 Fund's court-appointed receiver, as a civil party.

### C. The Documents Sought

Petitioner seeks bank records and documents from the Subpoenaed Entities related to transfers of the M3 Fund's assets, which the Petitioner believes were misappropriated by or at the direction of Mr. Alisher Ali, the sole shareholder and director of SRML. These transactions include transfers of M3 Fund assets to: (i) Caledonian Bank Limited, which used Bank of America as its correspondent bank for dollar denominated transactions; (ii) the Trade and Development Bank of Mongolia, which uses Standard Charter Bank US as its correspondent bank for dollar denominated transactions and used Citibank as an intermediary bank for these transactions; (iii)

Golomt Bank, which uses Standard Chartered Bank US, Citibank, and Wells Fargo as correspondent banks for these transactions; (iv) State Bank of Mongolia, which used Bank of America as its correspondent bank for that transaction; (v) Citibank N.A.; (vi) Raiffeisen Centrobank AG, which uses J.P. Morgan Chase Bank as its U.S. correspondent bank and used Wells Fargo as an intermediary bank for these transactions; (vii) Bank of America; (viii) ING Bank, which uses Bank of America as its correspondent bank for dollar denominated transactions; (ix) Bank of Montreal, which uses Wells Fargo as is correspondent bank for dollar denominated transactions; (x) Rietumu Banka, which uses Deutsche Bank Trust Company of America as its correspondent bank for dollar denominated transactions; (xi) HSBC Bank, which uses HSBC Bank USA as its correspondent bank for dollar denominated transactions; (xii) Standard Bank of Mozambique, which uses Citibank as its correspondent bank for dollar denominated transactions; (xiii) UBS Bank AG; (xiv) FNB Mozambique, which uses J.P. Morgan Chase as its correspondent bank for dollar denominated transactions; (xv) United Overseas Bank, which uses Bank of New York Mellon, J.P. Morgan Chase, and Bank of America as its correspondent banks for dollar denominated transactions; (xvi) DBS Bank (Hong Kong) Ltd., which uses J.P. Morgan Chase as its correspondent bank for dollar denominated transactions; and (xvii) National Westminster Bank plc, which uses J.P. Morgan Chase as its correspondent bank for dollar denominated transactions.

### D. **Petitioner's Application Should Be Granted**

Petitioner meets all the statutory criteria for the issuance of an order allowing the requested discovery under 28 U.S.C. § 1782. The Subpoenaed Entities are all located in this District. The Petitioner seeks to use the documents he requests from the Subpoenaed Entities in the Bermuda and Swiss Proceedings. The documents sought from the Subpoenaed Entities are necessary in furtherance of: (1) the Petitioner's court-ordered duties to trace and recover the M3 Fund's assets;

(2) the Bermuda Proceeding, which has been undertaken to facilitate the recovery and eventual distribution of the M3 Fund's assets; and (3) the Swiss Proceeding, which Petitioner hopes to commence forthwith against ■■■. Moreover, as set forth in its Memorandum of Law filed concurrently herewith, all the discretionary factors that this Court may consider likewise favor granting this *ex parte* application. *See Intel Corp.* v. *Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) (describing discretionary factors).

Accordingly, Petitioner respectfully requests that the Court (a) grant the Application for Order to Conduct Discovery in a Foreign Proceeding *Ex Parte*; (b) enter the Proposed Order attached to this Application as Exhibit A; (c) grant Petitioner leave, pursuant to 28 U.S.C. § 1782, to serve the subpoenas attached to this Application as Exhibit B; and (d) grant any and all other further relief to Petitioner as deemed just and proper.

Respectfully submitted this 6th day of December, 2018.

BAKER & HOSTETLER LLP

_____

Gonzalo S. Zeballos
gzeballos@bakerlaw.com
Marco Molina
mmolina@bakerlaw.com
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212-589-4200
Facsimile: 212-589-4201

*Attorneys for Petitioner*

Of Counsel:

Oren J. Warshavsky
owarshavsky@bakerlaw.com
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212-589-4200
Facsimile: 212-589-4201